UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| GUILLERMO LLOMPART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KERING SA d/b/a GUCCI AMERICA, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

The plaintiff, GUILLERMO LLOMPART ("Plaintiff"), sues the defendant, KERING SA d/b/a GUCCI AMERICA, INC. ("Defendant"), and alleges as follows:

## **NATURE OF ACTION**

1.      This is an action to recover damages for violations of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

## **JURISDICTION AND VENUE**

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), § 1343(4), § 2617, 42 U.S.C. § 2000e-5(f), and 42 U.S.C. § 12117.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the



www.saenzanderson.com

district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Broward, County.

4.      Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution.  In particular, Plaintiff is bringing claims under the FCRA.

### **PARTIES**

5.      At all times material, Plaintiff was and is a resident of Broward County, Florida.

6.      At all times material, Defendant is a foreign company having its main place of business in Broward County, Florida, where Defendant conduct substantial business in Florida and at all times material hereto were and are engaged in interstate commerce.

7.      At all times material, Defendant was a "person" and an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); 29 U.S.C. § 2611(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definitions of "person" and "employer."

8.      At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

9.      Additionally, at all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).



10.    At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11.    At all times material, Defendant employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

12.    At all times material, Defendant was and is a private sector employer.

13.    Plaintiff worked for Defendant for more than 12 months.

14.    Plaintiff worked for Defendant for more than 1,250 hours.

15.    Plaintiff has retained the undersigned counsel in order to protects his rights and interests. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

16.    Plaintiff has complied with all conditions precedent in filing this action, to wit;

    a.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about September 11, 2020.

    b.    Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about September 8, 2021.

    c.    Plaintiff is filing this action more than 180 days after he filed a Charges of Discrimination.

17.    Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.



## **GENERAL ALLEGATIONS**

18.     During all relevant times, Plaintiff is a proud and involved husband and father of three beautiful children.

19.     Plaintiff was employed by Defendant as a Store Director from March of 2017 until his wrongful termination on July 2, 2020.

20.     Working for Defendant was Plaintiff's dream job and he demonstrated his sentiments by being an exemplarily employee who was revered by his colleagues. Plaintiff's hard work for the Defendant lead to an increase in sales of 16.4 percent.

21.     In or about 2019, Plaintiff learned that his wife was pregnant. Around the same time, Defendant implemented a new family leave policy, which allowed both male and female employees to take a minimum of fourteen (14) weeks of paid maternity or paternity leave during the six (6) months following the birth or adoption of a child.

22.     On or about September 17, 2019, at a store director's conference, Plaintiff attended a breakfast with Plaintiff's Supervisor, Outlet Director Barbara Bollinger ("Director Bollinger"), and other employees, including but not limited to Cheryl Tercasio, Mark Singleton, Melissa Springer, John Roark, Sandra Hanna, and Maria Salerno. During the breakfast, Plaintiff mentioned his wife's pregnancy and praised Defendant for their new comprehensive and inclusive family leave policy.

23.     In response, Bollinger made "jokes" and several inappropriate and offensive remarks. For example, and not to be exhaustive of the inappropriate comments and statements made to Plaintiff by Director Bollinger, when Plaintiff mentioned the family leave policy,



Bollinger commented "what would you do with all that time?" and "why wouldn't you just place the baby in daycare?".

24.     Plaintiff understood Bollinger's comments to imply that, as a father, it was not necessary for Plaintiff to take the leave Defendant allotted in their new family leave policy, because Plaintiff was not the one going into labor.

25.     Director Bollinger's inappropriate, belittling and humiliating statements were made in the presence of other store directors.

26.     Thereafter, Supervisor Bollinger began to treat Plaintiff differently and continued to make comments insinuating that Plaintiff did not need to take paternity leave.

27.     Plaintiff objected to Bollinger's comments and treatment, but nothing was done.

28.     On or about November 9, 2019, following the birth of his daughter, Plaintiff took a leave of absence to provide care for his wife and newly born child by using the personal vacation days he accrued to take four weeks off from work.

29.     During Plaintiff's FMLA leave, in or about November 2019, Plaintiff received an email from Defendant, informing Plaintiff that his "baby leave" was approved for 10 weeks. Plaintiff was scheduled to return to work on December 9, 2019.

30.     Also, during Plaintiff's FMLA leave, Defendant's upper management conducted a visit to the store where Plaintiff worked and evaluated the overall performance of the store.

31.     Upon returning to work, Plaintiff was called into a meeting with Supervisor Bollinger, at which time Bollinger informed Plaintiff that during his absence the store received a poor performance evaluation. Supervisor Bollinger blamed the evaluation on Plaintiff's absence.



32.     During the same meeting, Plaintiff mentioned that he had ten (10) remaining weeks of paternity leave, and planned on taking them to continue caring for his newborn daughter. In response, Bollinger continued making disparaging remarks regarding Plaintiff's decision to take family leave, telling Plaintiff that he could not take additional leave because he would be away from the store for too long.

33.     After the meeting, Plaintiff felt pressured not to take his leave, and became emotionally distressed by the thought that he could be terminated for exercising his right to take the full amount of his paternity leave.

34.     Supervisor Bollinger was obviously upset by Plaintiff's suggestion that he intended to take the remainder of his paternity leave allotted under the family leave policy. Bollinger began to consistently treat Plaintiff in a hostile, discriminatory and retaliatory manner. For example, in or about May or June 2020, Plaintiff noticed that he was the only employee that had a child graduating who Defendant did not invite to share pictures.

35.     Again, Plaintiff objected to the discriminatory treatment, but nothing was done.

36.     On or about February of 2020, Plaintiff took the remaining ten (10) week paternity leave and planned to return to work in April of 2020.

37.     On April 19, 2020, upon Plaintiff's return to work, Defendant and Supervisor Bollinger continued to treat Plaintiff in a hostile, discriminatory and retaliatory manner. For instance, Defendant became very critical of Plaintiff's work and began micromanaging him.

38.     Soon after Plaintiff's return to work, Plaintiff attended a teleconference with Bollinger where he was, again, alleged to have caused or contributed to the problems that occurred while Plaintiff was on paternity leave.



39.     Plaintiff noticed that Defendant began treating Plaintiff differently compared to other similarly situated female employees. For example, while Plaintiff was welcomed back by receiving the blame for issues that occurred while he was away, a female co-worker, who took maternity leave contemporaneously with Plaintiff, was warmly welcomed back and was asked to show pictures of her new baby. Similarly, during a conference call Defendant acknowledged those employees whose son or daughter were graduating during the month of May. Defendant knew that both Plaintiff's son and daughter were celebrating high school graduations, however, neither Plaintiff nor his children were acknowledged during the conference call.

40.     In response, Plaintiff continued to work hard to meet sales goals and to help to improve the overall performance of the store. Plaintiff's efforts were successful and the store's performance improved.

41.     Then, on or about June 29, 2020, the Department of Human Resources contacted Plaintiff to ask if he had ever "vaped", or used an electronic cigarette, in his office. Plaintiff responded in the affirmative, explained that it was most time efficient for him to use an electronic cigarette indoors instead of going outside for a smoke-break, and assured Defendant he was not aware that his conduct could be against company policy, but that he would stop immediately, without issue.

42.     On or about June 29, 2020, was the first time Defendant or any of Defendant's employees mentioned "vaping," and, through this date, Defendant never informed Plaintiff of any alleged policy regarding vaping.



43.     Several days thereafter, on or about July 2, 2020, the Department of Human Resources contacted Plaintiff a second time to discuss his "vaping". Supervisor Bollinger was also a part of the phone call.

44.     During the phone call on July 2, 2020, Defendant did not allege that Plaintiff had "vaped" on company premises after the June 29, 2020, phone call, but Defendant nevertheless terminated Plaintiff's employment.

45.      Based on information and belief, none of Plaintiff's co-workers who also "vaped" and who were employed with Defendant, were contacted by the Department of Human Resources.

46.     During Plaintiff's employment with Defendant, Defendant adopted and implemented a three-strike discipline policy, but failed to comply with their discipline policy when they terminated Plaintiff.

47.     Prior to June 29, 2020, and while employed with Defendant, Plaintiff never received any complaints or warning from his supervisors or co-workers, regarding his use of an electronic cigarette.

48.     Throughout Plaintiff's employment with Defendant, Plaintiff was never issued any disciplinary write-ups.

49.     Despite Plaintiff's clean discipline record, Plaintiff was terminated.

50.     Prior to Plaintiff's discharge, his work performance was satisfactory, or more than satisfactory.

51.     Prior to February 2020, Plaintiff expected to have a long career with Defendant.



## COUNT I: SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII – HOSTILE WORK ENVIRONMENT

52.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

53.     Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

54.     Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

55.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, subjecting Plaintiff to unwelcomed harassment and creating a hostile work environment because of Plaintiff's sex.

56.     Specifically, Defendant authorized, knew, or should have known of Bollinger's continued harassment and discriminatory statements towards Plaintiff for taking paternity leave; subjecting Plaintiff to pretextual discipline and belittlement; micromanaging Plaintiff; and terminating Plaintiff.

57.     The discrimination of Plaintiff by Defendant was based on Plaintiff's sex.



www.saenzanderson.com

58.     The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and to create a discriminatorily abusive working environment.

59.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from unwelcomed harassment and abuse.

60.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

61.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

62.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and



F.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII – DISPARATE TREATMENT

63.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

64.     Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

65.     Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

66.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by, *inter alia*, treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment because of Plaintiff's sex.

67.     Specifically, Defendant excluded Plaintiff from employee celebrations, belittled and micromanaged Plaintiff; and terminated Plaintiff on or about July 2, 2020, after he took paternity leave.

68.     The discrimination of Plaintiff by Defendant was based on Plaintiff's sex.



www.saenzanderson.com

69.     The discrimination was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

70.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

71.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

72.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.



www.saenzanderson.com

## COUNT III: RETALIATION BASED ON SEX IN VIOLATION OF
## TITLE VII – TERMINATION

73.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

74.     Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

75.     Plaintiff engaged in a protected activity when he took a ten (10) weeklong approved paternity leave.

76.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, subjecting Plaintiff to pretextual discipline, belittling and micromanaging Plaintiff, excluding Plaintiff from employee appreciation initiatives, and terminating Plaintiff on or about July 2, 2020, after Plaintiff took paternity leave.

77.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of Title VII.

78.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

79.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.



www.saenzanderson.com

13

80.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff reasonable costs and attorney's fees; and

E.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IV: SEX DISCRIMINATION IN VIOLATION OF
## THE FCRA – HOSTILE WORK ENVIRONMENT

81.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

82.     Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

83.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*,



www.saenzanderson.com

14

subjecting Plaintiff to unwelcomed harassment and creating a hostile work environment because of Plaintiff's race and national origin.

84.     Specifically, Defendant authorized, knew, or should have known of Bollinger's continued harassment and discriminatory statements towards Plaintiff for taking paternity leave; subjecting Plaintiff to pretextual discipline; belittlement and micromanaged; and terminating Plaintiff.

85.     The discrimination of Plaintiff by Defendant was based on Plaintiff's sex.

86.     The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and to create a discriminatorily abusive working environment.

87.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from unwelcomed harassment and abuse.

88.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

89.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

90.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff requests that this Honorable Court:



www.saenzanderson.com

15

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## **COUNT V: SEX DISCRIMINATION IN VIOLATION OF THE FCRA – DISPARATE TREATMENT**

91.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

92.     Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

93.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment because of Plaintiff's sex.



94.     Specifically, Defendant excluded Plaintiff from employee celebrations, belittled and micromanaged Plaintiff; and terminated Plaintiff on or about July 2, 2020, after he took a ten (10) weeklong paternity leave.

95.     The discrimination of Plaintiff by Defendant was based on Plaintiff's sex.

96.     The discrimination was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

97.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

98.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

99.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;



www.saenzanderson.com

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT VI: RETALIATION BASED ON SEX
### IN VIOLATION OF THE FCRA – TERMINATION

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

101.    Plaintiff is a member of the class of workers who are, by law, protected from employment discrimination on the basis of sex.

102.    Plaintiff engaged in a protected activity when he took a ten (10) weeklong approved paternity leave.

103.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, subjecting Plaintiff to pretextual discipline, belittling and micromanaging Plaintiff, excluding Plaintiff from employee appreciation initiatives, and terminating Plaintiff on or about July 2, 2020, after Plaintiff took a ten (10) weeklong paternity leave.

104.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.



www.saenzanderson.com

18

105.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

106.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## **COUNT VII: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT – GENDER DISCRIMINATION**

107.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.



www.saenzanderson.com

108.    Defendant's treatment of Plaintiff as described was motivated by the fact that Plaintiff was a man, and that Plaintiff's spouse rather than Plaintiff was pregnant and delivered Plaintiff's newborn child.

109.    Defendant did not treat similarly situated, female employees or child-bearing employees in the manner it treated Plaintiff. Specifically, Defendant did not bully, discipline, demote or terminate female employees or child-bearing employees on the basis of their gender or partner's pregnancy status.

110.    Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of Title VII and the Pregnancy Discrimination Act.

111.    Plaintiff has been subjected to disparate treatment because he is a man and his partner was pregnant.

112.    Because of Defendant's illegal discrimination of Plaintiff, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

113.    As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

114.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:



www.saenzanderson.com

A.  Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII and the Pregnancy Discrimination Act;

B.  Order injunctive relief ordered by the court enjoining and permanently restraining these violations of the Title VII and the Pregnancy Discrimination Act by Defendant;

C.  Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E.  Award punitive damages, according to proof; and

F.  Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII and the Pregnancy Discrimination Act; and

G.  Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## **COUNT VIII: VIOLATION OF THE FMLA – RETALIATION**

115.    Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

116.    Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

117.    At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his serious medical condition and of her need to take FMLA leave and intermittent time off care for his newborn child, two other children and wife.

118.    Plaintiff in fact took intermittent FMLA leave, as he was entitled to do, after the birth of his newborn child.



www.saenzanderson.com

119.    After Plaintiff's return to work, Defendant treated Plaintiff with hostility, and discriminated and retaliated against Plaintiff by scolding and ridiculing Plaintiff in the presence of other co-workers, unfairly accusing Plaintiff of causing negative store performance in his absence, and by wrongfully terminating Plaintiff's employment because he availed himself of FMLA leave.

120.    Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having taken leave for to care for his newborn child.

121.    Plaintiff's request for family leave pursuant to the FMLA was a direct and proximate cause of his termination.

122.    As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

B.   Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C.   Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiff has and continues to suffer;

D.   Award Plaintiff liquidated damages;

E.   Order reinstatement;

F.   Award Plaintiff prejudgment interest on any damages award;

G.   Award Plaintiff reasonable costs and attorney's fees; and

H.   Grant Plaintiff such other and further relief as this Court deems equitable and just.



Dated: October 20, 2021.

By: **/s/Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.:  0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com