UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-62163-CIV-SINGHAL

GUILLERMO LLOMPART,

    Plaintiff,

v.

KERING SA d/b/a GUCCI AMERICA, INC.,

    Defendant.
_____/

## ORDER GRANTING TEMPORARY STAY
## AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on the Plaintiff's Notice of Filing Demand for Arbitration and Request to Stay Court Proceedings (DE [14]) and Defendant's Response to Plaintiff's Request to Stay Court Proceedings (DE [21]). The parties agree that this matter must be addressed in arbitration pursuant to the Mutual Arbitration Agreement and this matter should be stayed. The primary purpose of the Federal Arbitration Act ("FAA") is to "[ensure] that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989); *see also Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 53–54 (1995). There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Courts are to construe "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Id.* at 126. According to the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable," however, "arbitration is a matter of contract." 9 U.S.C. § 2; *Griggs v. Kenworth of Montgomery, Inc.*, 775 Fed. Appx. 608, 612 (11th Cir. 2019).

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A stay, however, must be properly limited and must not be "immoderate."  *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).  The Court finds that the requested stay is reasonable in scope and helpful for the control of its docket.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Notice of Filing Demand for Arbitration and Request to Stay Court Proceedings (DE [14]) is **GRANTED**.

2. Plaintiff GUILLERMO LLOMPART and Defendant KERING SA d/b/a GUCCI AMERICA, INC. shall SUBMIT to arbitration all claims asserted in this matter in accordance with the Mutual Arbitration Agreement.

3. The case is **STAYED**, and the Parties shall file a joint-status report within thirty (30) days after any arbitration award is issued.

4. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case, either party may request the Court to reopen the case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED WITHOUT PREJUDICE**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of December 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF